**LACKRITZ, Plaintiff-Appellee v FEARING d. b. a. HEIGHTS CAB COMPANY, Defendant-Appellant.**

Ohio Appeals, 8th District. Cuyahoga County.

Nos. 18904-19071. Decided January 25, 1943.

Bernsteen & Bernsteen, Cleveland, Max Fishel, Cleveland, for plaintiff-appellee.

Baker, Hostettler & Patterson, Cleveland, Dwight B. Buss, Cleveland, for defendant-appellant.

## OPINION

BY THE COURT:

The plaintiff filed his action in the Common Pleas Court of this County, seeking to recover damages for personal injuries sustained on September 15, 1939, by being struck by defendant's cab at the corner of Lee Road and Washington Boulevard, Cleveland Heights, Ohio. The jury rendered a verdict for the defendant. Plaintiff filed a motion for a new trial which was granted by the trial court solely on the ground of "newly discovered evidence, as shown by affidavits filed in support of said motion." The defendant has appealed on the ground that the trial court abused its discretion in granting the motion for a new trial.

On September 15, 1939, the plaintiff was a passenger on a bus of The Cleveland Railway Company proceeding south on Lee Road. The bus came to a stop at the northeast corner of Lee Road and Washington Boulevard. The plaintiff there alighted from the bus and proceeded in front of the bus to cross Lee Road. While so proceeding he was struck by defendant's cab which was proceeding southerly on Lee Road. The principal issue of fact in the case was whether the plaintiff, or the driver of the cab, had the green light.

One of the witnesses for the defendant was Fred Walker, the driver of the Cleveland Railway Company bus. He testified that as the bus stopped at the corner of Lee Road and Washington Boulevard, "the flow of the traffic was with me. That is, the light was green for north and south traffic." A few passengers alighted from the bus and shortly afterwards he saw some men picking up plaintiff in the middle of the street.

On cross-examination, Walker testified that after the bus stopped at the corner he was "aware that there was traffic moving past the bus."

The two affidavits filed in support of the motion for a new trial were signed and sworn to by Mr. Fishel who tried the case for the plaintiff and dealt wholly with the witness, Walker.

The first affidavit set forth a copy of "the statement in connection with the within case made by F. Walker on October 17, 1939, the original of which is in the file of the Cleveland Railway Company." This copy is as follows:

"I was asked by a dispatcher if I saw an accident at Lee Road and Washington Boulevard on September 15, 1939, in which a young man was struck by an automobile. I did not see the accident. At the time I was standing loading and unloading passengers, and when I was ready to go, I saw some men putting a young man into an automobile which then went south on Lee Road. These men picked this young man up from the street and looked as if he had been struck by an automobile. They were twenty feet ahead of my coach and on left side of road. I don't know whether this man got off my coach. (signed) F. Walker."

Mr. Fishel, in his second affidavit, stated that after the accident a co-attorney for the plaintiff who is now in the military service, sought information at the office of the Cleveland Railway Company as to the identity of the driver of the Cleveland Railway Company bus in which the plaintiff had been a passenger, and was informed by the Claims Department that it had no record of the matter. That later, the affiant Mr. Fishel called at the office of The Cleveland Railway Company and inquired of the head of the claims Department as "to any information in regard to this accident" and he was requested to write a letter to the Company asking for this information. This he did and he was later informed that The Cleveland Railway Company had no information about this accident.

The affidavit further sets forth that shortly before the trial, Mr. Fishel again contacted the Claims Department of The Cleveland Railway Company by telephone and in person, and was first told that there was no information available but that in a subsequent conversation with a Mr. George Pegg of the Claims Department, he was informed "that the company had no report but that the bus driver had been found and that the bus driver would testify that the plaintiff in this case ran against the red light in front of his bus and in front of the cab of the defendant which had the green light."

That on the day after the trial, Mr. Fishel again went to the office of The Cleveland Railway Company and for the first time was shown a file of the Claims Department of the Company in which appeared the written statement of the witness, F. Walker, as given above in the first affidavit.

The second affidavit concluded as follows:

"Affiant further says that he did everything which he reasonably could do and used all reasonable diligence to discover the

true situation and to get all information in connection with this case."

**Section 11576 GC,** states for what cases motions for a new trial may be granted. Sub-section 7 is as follows:

"Newly discovered evidence, material for the party applying, which, with reasonable diligence he could not have discovered and produced at the trial."

The only "newly discovered evidence" alleged by the plaintiff in his motion for a new trial is the statement of the witness, Walker, in the files of the Cleveland Railway Company, which he discovered after the trial. In what respect was this statement "material" for the plaintiff? In his brief and in his argument, plaintiff's counsel has pointed out two and only two particulars in which he claims that Walker's statement was material. They are as follows:

1. Walker in this statement declared that "I did not see this accident."
2. Walker in his cross-examination at the trial testified that he had not made a report of the accident to The Cleveland Railway Company. This was, plaintiff claims, contrary to the fact so that if plaintiff's counsel had been in possession of the statement at the time of the trial he could have confronted the witness, Walker, with the statement and shown to the jury that Walker was guilty of perjury.

The first claim is wholly without merit because Walker, at the trial, made no claim that he had seen the accident; his evidence was quite to the contrary. When asked on cross-examination "Did you see the collision?" his answer was "no." He again testified on cross-examination "I didn't see the accident" and again, "I don't know when the accident happened, I didn't see it."

Plaintiff's second claim is equally without merit. Walker's statement which was in the files of the Company's Claims Department was obtained by the company more than one month after the accident. An examination of Walker's evidence shows that when he stated that he had made no report of the accident he was referring to the report which he is required as a driver of a Company bus to make soon after any accident to his bus or involving his operation of it. He made no such report. When asked, "to whom did you report that you saw this accident" Walker answered, **"At that time** I didn't report nothing because I didn't see the accident."

He further testified that later "I talked to a Cleveland Railway man. I don't know whether it was Mr. Pegg or not." He later fixed the time of the visit of this Cleveland Railway man as about two

or three weeks after the accident. The visit was in fact made on October 17th or more than one month after the accident. This is the date of the statement by Walker found in the Company files. The statement itself contains the information which he gave to the "Cleveland Railway man" on that date as to the accident. His evidence at the trial was quite consistent with the statement.

When rightly considered there is no inconsistency between Walker's statement given to an employee of the Claims Department over a month after the accident and the evidence given by him at the trial. In what sense then can Walker's statement be "material" newly discovered evidence? Walker who gave the statement testified as a witness at the trial and it cannot be said that plaintiff's counsel was surprised at his evidence because as already stated counsel for plaintiff was informed before the trial, as alleged in his own affidavit, by an employee of the Company's Claims Department that Walker would testify that the plaintiff "ran against the red light in front of his bus," and that the cab had the green light.

The only possible use that plaintiff's counsel might have made of Walker's statement of October 17th if he had obtained it before the trial, would have been to impeach the witness or to contradict the evidence given by him. As already shown, the statement does not contradict Walker's evidence given at the trial but even if the two were inconsistent, such, by the holding of the Supreme Court of Ohio, would afford no ground for granting a motion for a new trial in this case.

The Supreme Court in **Sheen v Kubiac, 131 Oh St 52,** speaking through Chief Justice Weygandt, stated that newly discovered evidence, to be available as a ground for a new trial "must not merely impeach or contradict the former evidence." This being the law, the fact that plaintiff's counsel did not have Walker's statement at the time of the trial could not possibly be a ground for granting a motion for a new trial in this case.

As the trial judge granted a new trial solely on the ground of newly discovered evidence "as shown by affidavits filed in support of said motion" and inasmuch as these affidavits furnished not the slightest legal ground for granting the motion, we reach the conclusion that there was in this case a clear abuse of discretion on the part of the trial court in granting a new trial and that for this reason his order granting a new trial should be reversed.

Following the granting of the motion for a new trial, the defendant filed a petition in this case seeking to set aside the order granting a new trial, to reinstate the jury's verdict for the defendant and to enter judgment thereon. This petition claimed irregularities in the proceedings of the court granting plaintiff's motion for a new trial, as well as fraud practiced by the plaintiff in obtaining that order.

Evidence was heard in support of the petition. Persons employed in the Claims Department of The Cleveland Railway Com-

pany testified that counsel for plaintiff was not told by them that the company did not have a statement from Walker, the bus driver, and they testified to a telephone conversation with the plaintiff's counsel after Walker had finished his evidence but before the submission of the case to the jury, going to show that the "newly discovered evidence" alleged by the plaintiff could, with reasonable diligence on his part, have been discovered and produced at the trial.

By reason of the conclusion reached by us that the court erred in granting the motion for a new trial in this case, the basis which caused the defendant to file said petition disappears and the petition therefore presents no issue calling for a decision by this court.

For the reasons stated above, the judgment of the Common Pleas Court is reversed, and the cause is remanded with direction to vacate the entry granting plaintiff's motion for new trial, and to overrule said motion and enter judgment for the defendant on the verdict. Exceptions.

LIEGHLEY, PJ., MORGAN, J., SKEEL. J., concur.